UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Albert Edward Siders, a/k/a Albert E. Siders, | ) ) ) | Civil Action No. 2:23-6048-MGL |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Colleton County, | ) ) ) | |
| Defendant. | ) ) | |

On November 27, 2023, Plaintiff Albert Edward Siders, a/k/a Albert E. Siders ("Plaintiff") filed this action in letter form against Colleton County ("Defendants"). ECF No.1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. On January 31, 2024, the Magistrate Judge issued a proper form order, noting she could not discern from the letter what, if any, federal causes of action Plaintiff intended to bring, and providing him an opportunity to cure the deficiencies by February 21, 2024. ECF No. 3. Plaintiff did not respond to the Magistrate Judge's order. On March 18, 2024, the Magistrate Judge entered a second proper form order granting Plaintiff the opportunity to bring his complaint into proper form by April 8, 2024. ECF No. 6. On April 15, 2024, Plaintiff requested the court hold his complaint in abeyance pending a ruling on an application for post-conviction relief he had filed in state court. ECF No. 12. The Magistrate Judge denied the motion and granted Plaintiff until May 8, 2024 to bring his case into proper form. ECF No. 13.

Plaintiff filed a second motion for abeyance on May 20, 2024. ECF No. 18. On May 22, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that the case be dismissed without further leave to amend and the motion to hold in abeyance be dismissed as moot.

ECF No. 18.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff was advised of his right to file objections to the Report and Recommendation. ECF No. 18 at 6. However, he has not done so and objections were due on June 5, 2024. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is **SUMMARILY DISMISSED** for the reasons set forth in the Report and Recommendation.

**IT IS SO ORDERED**.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

July 19, 2024.